UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PATRICIA MCCARTHY,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; and DOES 1 TO 20,<br><br>Defendants. | Case No.: EDCV 20-01910-CJC (SHKx)<br><br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. 13] |

## I. INTRODUCTION

Plaintiff Patricia McCarthy filed this action in Riverside County Superior Court on July 10, 2020, alleging breach of implied warranty of merchantability under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), breach of express warranty under the Song-Beverly Act, and fraudulent concealment. (Dkt. 1-1 [hereinafter

"Compl."].) Defendant Mercedes-Benz USA removed the action to this Court on September 14, 2020. Before the Court is Defendant's motion for judgment on the pleadings. (Dkt. 13 [hereinafter "Mot."].) Plaintiff filed no opposition. For the following reasons, Defendant's motion is **GRANTED**.[1]

## II. BACKGROUND

On or about December 30, 2018, Plaintiff leased a vehicle which had been manufactured by Defendant. (Compl. ¶ 4-5.) Plaintiff alleges that the vehicle suffered from many defects, including one related to the vehicle's air conditioning system. (*Id*. ¶ 10.) Plaintiff alleges that prior to her leasing the vehicle, Defendant was aware of the defect in the air conditioning system but "intentionally failed to disclose this information to Plaintiff." (*Id*. ¶ 36.) Plaintiff is unclear on the nature of the defect, alleging only that it "resulted in malodorous odors emanating from the air conditioning system." (*Id*. ¶ 36.) Plaintiff alleges that she would not have purchased the vehicle had Defendant informed her of this defect. (*Id*. ¶ 37.) Among other forms of relief, Plaintiff seeks punitive damages. (*Id*. at 10.) Defendant moves for judgment on the pleadings with respect to Plaintiff's fraud claim and request for punitive damages.

## III. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion asserting that a plaintiff has failed to state a claim, or that a defendant has failed to state a defense, is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See*

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 23, 2021, at 1:30 p.m. is hereby vacated and off calendar.

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *Webb v. Trader Joe's Co.*, 2021 WL 2275265, at *3 (9th Cir. June 4, 2021) (explaining that motions for judgment on the pleadings are "functionally identical" to Rule 12(b)(6) motions). "Judgment is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *San Francisco Taxi Coal. v. City & Cty. of San Francisco*, 979 F.3d 1220, 1223 (9th Cir. 2020). In deciding a motion for judgment on the pleadings, a court accepts as true all allegations of fact by the party opposing the motion, and construes them in the light most favorable to that party. *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

IV.  ANALYSIS

Central District Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Because Plaintiff failed to file any opposition by the August 2, 2021 deadline, the Court could grant Defendant's motion for judgment on the pleadings on this ground alone. Nevertheless, the Court turns to the merits.

A.  **Fraudulent Concealment**

Defendant moves for judgment on the pleadings as to Plaintiff's cause of action for fraudulent concealment on the ground that it is supported only by conclusory allegations that fail to meet the heightened pleading standard for claims of fraud. (Mot. at 5-9.)

Defendant additionally asserts that Plaintiff's fraud claim is barred by the economic loss doctrine. (Mot at 9-11.)

Federal Rule of Civil Procedure 9(b) requires that when "alleging fraud…a party must state with particularity the circumstances constituting fraud." This ensures that defendants have adequate notice of the "who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotations and citation removed); *see In re Glenfeld, Inc. Securities Litigation*, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994) ("Rule 9(b) requires particularity as to the circumstances of the fraud—this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading."). "[T]he necessary elements of a concealment/suppression claim consist of "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Hoffman v. 162 N. Wolfe LLC*, 228 Cal. App. 4th 1178, 1185–86 (2014).

Plaintiff's allegations in support her claim of fraudulent concealment are inadequate under Rule 9(b). Rather than "stat[ing] with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), and putting Defendant on notice as to the "who, what, when, where, and how" of the fraud, *Kearns*, 567 F.3d at 1124, Plaintiff pleads only bare legal conclusions and vague factual assertions. Plaintiff fails to identify the relevant defect with any specificity, stating only that it is "related to the air conditioning system" and resulted in "malodorous odors emanating from the air conditioning system." (Compl. ¶ 36.) Plaintiff further alleges in conclusory fashion that Defendant had "advanced knowledge" of the defect. (*Id*.) But Plaintiff fails to plead any facts relating to how Defendant gained this knowledge. For example, there is no allegation that other customers who leased or purchased the same vehicle as Plaintiff had complained to

Defendant of the same defect prior to Plaintiff leasing her vehicle. As such, Plaintiff has failed to plead with particularity facts that would support the elements of her fraud claim.

Plaintiff's fraud claim is dismissed for the additional reason that it is barred by the economic loss doctrine. "The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). Plaintiff has not pled that she suffered any personal injury or other damages separate from economic damages arising from the alleged fraudulently induced vehicle lease. *See Nafisi v. Mercedes-Benz USA, LLC,* No. CV 20-9309-PA-MAA, 2021 WL 2525454, at *3 (C.D. Cal. Mar. 31, 2021).

Plaintiff has failed to plead with specificity the elements of her fraud claim under Rule 9(b) and has failed to identify any non-economic losses she suffered as a result of the alleged fraud. As such, the Court **GRANTS** Defendant's motion for judgment on the pleadings as to Plaintiff's fraudulent concealment claim.

### B. Punitive Damages

Defendant moves for judgment on the pleadings as to Plaintiff's request for punitive damages on the ground that, without an adequately alleged fraud claim, none of Plaintiff's other claims can support a request for punitive damages. (Mot. at 12.) Defendant is correct. "The Song-Beverly Act"—pursuant to which Plaintiff brings her claims for breach of warranty—"does not provide for punitive damages…." *Mullin v. FCA US, LLC,* No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *4 (C.D. Cal. May 14, 2020).

Defendant further argues that Plaintiff has failed to sufficiently plead conduct that would support a request for punitive damages. (Mot. at 12-14.) Under Cal. Civ. Code § 3294, a request for punitive damages is appropriate when "the defendant has been guilty of oppression, fraud, or malice." As discussed above, Plaintiff has failed to sufficiently plead fraud. Her statement that Defendant's alleged concealment was "done with malice" is conclusory. And Plaintiff makes no allegation that Defendant's conduct was oppressive. For these reasons, the Court **GRANTS** Defendant's motion for judgment on the pleadings as to Plaintiff's request for punitive damages. *See Soto v. Rust-Oleum Corp.*, No. CV 15-1891-GW-JCX, 2015 WL 12827761, at *4 (C.D. Cal. May 28, 2015) (granting motion to dismiss request for punitive damages supported only by conclusory allegations).

### C.     Leave to Amend

"Although leave to amend 'shall be freely given when justice so requires,' it may be denied" where it "would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)). That is the case here. Plaintiff's counsel brought a substantially identical complaint against Defendant on behalf of a different plaintiff in Los Angeles Superior Court on August 25, 2020. *Nafisi v. Mercedes Benz*, No. CV 20-9309-PA-MAA, Dkt. 1-3 (C.D. Cal. Oct. 9, 2020). In *Nafisi*, Plaintiff's counsel stated the fraudulent concealment claim in nearly identical language. *See id*. After Defendant removed the case to this district and moved for judgment on the pleadings as to the fraud claim, the court held that Defendant was entitled to judgment on the pleadings because the plaintiff had failed to plead fraud with the specificity required by Rule 9(b) and had failed to plead non-economic damages. *See id*., Dkt. 36. Despite the recent rebuff from the court, Plaintiff's counsel has brought this nearly identical complaint on Plaintiff's behalf. The Court therefore concludes that further amendment

would be futile.  Defendant's motion for judgment on the pleadings is **GRANTED WITHOUT LEAVE TO AMEND**.

## V.  CONCLUSION

For the foregoing reasons, Defendant's unopposed motion for judgment on the pleadings as to Plaintiff's fraudulent concealment claim and request for punitive damages is **GRANTED WITHOUT LEAVE TO AMEND**.[2]

DATED:     August 9, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] The Court issues no ruling or opinion on Plaintiff's warranty claims, which Defendant has not challenged.